504 P.2d 527

**STATE of Arizona, Appellee,**

v.

**William Charles SULLINGS, Appellant.**

**No. 1 CA–CR 449.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 26, 1972.

Gary K. Nelson, Atty. Gen. by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Chief Judge, Division 1.

The appellant, William Charles Sullings, was charged in the Superior Court of Maricopa County with drawing a check on insufficient funds in violation of A.R.S. § 13–316. At his arraignment, he pleaded not guilty, but later returned to court and expressed through his counsel a desire to plead guilty. At this later court appearance, defendant was present in person with his counsel, and a deputy county attorney was also present representing the state. At the hearing, it was evident that the change of plea was being made upon the understanding that the county attorney's office was recommending probation on the matter. The following excerpts from the transcript make it abundantly clear that such was the understanding:

> "[COUNSEL FOR DEFENDANT]: We are here to enter a change of plea on criminal cause number 67948, drawing a check on insufficient funds. It's my understanding that Mr. Sullings wishes to enter a plea to the charge with the understanding that the County Attorney's office will recommend probation on this matter. Is that correct?
>
> "THE DEFENDANT: Yes, sir.
>
> \* \* \* \* \* \*
>
> "THE COURT: Any promises of leniency been made to you about the possible punishment in this case to obtain this plea of guilty?
>
> "THE DEFENDANT: The prosecuting attorney did state that he would recommend probation.

> "THE COURT: The Court is the one that determines whether or not probation will or will not be given or what the punishment might be. You understand that?
>
> "THE DEFENDANT: Yes, sir.
>
> \* \* \* \* \* \*
>
> "THE COURT: Do you have any questions that you want to ask the Court, the deputy county attorney or your own attorney before the Court accepts or rejects your plea?
>
> "THE DEFENDANT: No, sir.
>
> "THE COURT: In entering this plea of guilty, you understand that even though the county attorney may recommend probation that that's a matter that the Court has to decide?
>
> "THE DEFENDANT: Yes, sir."

On appeal the defendant has been represented by appointed counsel, and a brief has been filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The arguable question presented on appeal is the contention that the county attorney did not perform his part of a plea bargain, in that the record does not affirmatively show that the county attorney recommended probation.

Upon the foregoing state of the record, it is our opinion that the guilty plea must be sustained. When the defendant, his counsel and the deputy county attorney appeared in court and the foregoing representations were made by the defendant and the defendant's counsel, with no objection or dissent from the county attorney, we think it would be rather anomalous if the trial judge came to any other conclusion but that the county attorney was recommending probation by his silent assent and participation in the proceedings. No contention is made that the county attorney ever affirmatively took any action which indicated that he was not recommending probation, nor is there anything in the record to indicate that the defendant or his counsel ever requested the county attorney

to take any further affirmative action to clarify the record as to his recommendation, if in fact there was any need for clarification.

At a later hearing at the time set for sentencing, the trial judge specifically questioned the defendant as follows:

> "THE COURT: Since that date you've had the opportunity to consider the matter of your plea of guilty and to discuss it with your counsel. Do you wish your plea of guilty to stand?
>
> "THE DEFENDANT: Yes."

From the foregoing it is evident that the defendant had an adequate opportunity to complain if he thought that the county attorney had in any way failed to live up to his part of the plea bargain. We do not find any merit in this issue.

The Court has searched the record for fundamental error as required by A.R.S. § 13–1715, and has found none.

The judgment of conviction and sentence imposed by the trial court are affirmed.

EUBANK and JACOBSON, JJ., concur.